IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>VINCENT GEORGE PARKS,<br><br>Petitioner. | 1:82-cr-0123 AWI<br><br>ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS AND RELATED ORDERS<br><br>Doc. #'s 2, 3, 4, 5, 7, 8 and 11 |

On or about March 1, 1983, petitioner Vincent George Parks ("Petitioner") was convicted by plea of guilty to an indictment charging him with one count of armed bank robbery. Petitioner was sentenced to a term of 12 years imprisonment. Judgment was entered on April 11, 1983. Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 1985. The motion was denied on or about August 12, 1985. It appears from the materials provided that Petitioner completed the sentence imposed by this court and was indicted sometime later in the District Court of Nevada for commission of a bank robbery that took place on August 17, 1998. The record before the court indicates Petitioner was convicted on the charge of armed bank robbery in the Nevada District Court and was sentenced as a career offender to a term of life imprisonment. Petitioner contends that his categorization as a "career offender" was the result of his conviction in this court to the charge of armed bank robbery.

Petitioner contends he had made a verbal plea agreement to plead to a charge of unarmed bank robbery and that the agreement was breached when he pled to the indictment instead.

The matter now before the court consists of a collection of motions by Petitioner that were filed between March 5, 2013, and January 13, 2014. The motion that characterizes the nature of the Petitioner's filings is set forth at Document Number 9 which is labeled "Opening Brief" on the Docket Report but is titled "On Request for Writ of Error Coram Nobis and Memorandum Brief in Support of Motion" (hereinafter, Petitioner's "Motion"). The other motions noted in the Docket report are variously motions for discovery, to compel, for hearing and other motions intended to move Petitioner's Motion along. The court notes that the archive "Hard Docket" in this case indicates that Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on or about April 3, 1985. That motion was denied by the court on or about June 17, 1986. There is a notation on the Hard Docket indicating that a "Petition for Writ of Habeas Corpus Error Coram Nobis" was filed on November 3, 2006, however no such filing is apparent on the court's current docket report. For the purpose of making any determination of the timeliness of the filings currently before the court, the court will assume first that any document that may have been filed on November 3, 2006, set forth substantially the same claims as the Motion currently before the court and that the effective date of filing of Petitioner's Motion was November 3, 2006.

The court also notes that Petitioner requested and was denied permission to file a second or successive motion pursuant to section 2255 by the Ninth Circuit Court of Appeal on June 14, 2012.

It is apparent by way of inspection that Petitioner has filed the instant Motion in an effort to circumvent both the time limits and the "second or successive bar" imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons that follow, the

limitations imposed by AEDPA apply fully to Petitioner's actions and bar the relief requested.

## LEGAL STANDARD

A writ of coram nobis allows a court to vacate a judgment for an error of fact in those cases where the error is "of the most fundamental character, that is such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914); Hirabayashi v. U.S., 828 F.2d 591, 604 (9th Cir. 1987). To qualify for coram nobis relief, four requirements must be satisfied: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting Hirabayashi, 828 F.2d at 604. A writ of coram nobis "is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable," Riedl, 496 F.3d at 1005, and only where the petitioner has "exercis[ed] due diligence" in bringing her concern promptly to the attention of the courts. Id. at 1007 (citing Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989)).

## DISCUSSION

Petitioner's Motion fails because there are no facts to indicate that the first, second or fourth requirements listed above are met. Petitioner is currently incarcerated and has been since the inception of this action. As a consequence the usual writ of habeas corpus pursuant to 28 U.S.C. § 2255 is available to him. That Petitioner is unable to qualify for a second or successive petition under section 2255 does not mean that the writ is unavailable, it simply means Petitioner does not qualify because there is no contention that he is innocent of the charge to which he pled. The requirement that a prisoner seeking authorization to file a second or successive motion pursuant to section 2255 is analogous to the requirement that a petitioner show "fundamental

error" to be granted relief in a motion for writ of coram nobis. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-1932 (2013) (Supreme Court has applied "fundamental miscarriage of justice exception" to overcome procedural defaults such as filing deadlines in 2255 proceedings).

As to the second requirement, Petitioner has shown no reason for the 20-year lapse between the time his judgment in this court became final and the time he filed his Motion. Petitioner cites to a number of "newly discovered facts" that he claims were unknown to him and unavailable prior to 2012. The proffered "facts" are in the form of various documents and letters attached to the Motion. The court has examined these documents and finds the "newly discovered facts" are nothing more than proof that documents and records of Petitioner's criminal defense that his attorneys may have had have been lost, discarded or are otherwise unavailable twenty-plus years after Petitioner's conviction was final. Petitioner's underlying claim is that he suffered ineffective assistance of counsel because he thought he was pleading guilty to unarmed bank robbery instead of armed bank robbery. Petitioner was on notice of the crime to which he pled at the time he entered his plea. Certainly Petitioner had no shortage of opportunity to clarify any misunderstanding at or shortly after the time of the plea and was capable of having asserted any claim of ineffective assistance when he filed his first habeas petition in 1985. The "new evidence" offered by Petitioner has nothing to do with the quality of Petitioner's representation at the time he entered the plea or the time he was sentenced. The "new facts" show only that, with the passage of time, memory fades and written documents are lost or discarded.

Finally, there is no apparent "fundamental error." The archival Hard Docket indicates that Petitioner's trial was scheduled on or about March 1, 1983. On that date, Petitioner appeared with counsel Thornhill and, after proper advisement, entered a plea of guilty to the indictment. Petitioner waived a presentence report and received a 12-year sentence to run

concurrently with a state sentence he was already serving. The Hard Docket indicates that on March 7, 1983, attorney Sonder was appointed, replacing Mr. Thornhill. On March 14, 1983, Ms. Sonder filed a motion to withdraw the plea of guilty and later withdrew the motion. There was a later hearing at which time the court considered the presentence report and made a finding of no benefit and left the former sentence standing.

From the foregoing, the court can make a number of inferences: (1) Petitioner had previously discussed the issue of a plea with his counsel; (2) Petitioner was advised to enter the plea to the indictment for an agreed reason, presumably to avoid waiver of rights to appeal or collaterally challenge his sentence, (3) Petitioner may subjectively have been under the impression he was pleading guilty to unarmed bank robbery and had the opportunity to discuss the implications of his plea with his attorney at, or soon after the time, he entered the plea; (4) as a result of discussions between Petitioner and his attorney there was a motion to withdraw the plea to the indictment and, upon further consideration  at or after a hearing on the subject, the motion was withdrawn for reasons agreeable to Petitioner and his attorney.

Nothing in the facts alleged or the inferences that can be drawn from them gives any hint of "fundamental error."   If there was any error or miscommunication of any sort there is nothing to suggest that is was of such fundamental nature as to invalidate the entire proceedings. Petitioner has failed to allege facts that would entitle him to avoid the limitations period or the second or successive bar to habeas relief under the AEDPA.  The same conclusion is reached whether Petitioner presents his cause as a motion pursuant to 28 U.S.C. § 2255 or pursuant to a petition for error coram nobis.

THEREFOE, it is hereby ORDERED that Petitioner's Request for Writ of Error Coram Nobis as set forth at Docket Number 9 is hereby DENIED with prejudice.  Correspondingly, all

other motions, including Petitioner's Motion for Discovery, Doc. # 2; Motion to Appoint Counsel, Doc. # 3; Motion for Evidentiary Hearing, Doc. # 4; Motion to Proceed *in Forma Pauperis*, Doc. # 5; Motions for Order Granting Pending Motions, Doc. # 's 7 and 8; and Motion to Compel, Doc. # 11; are each hereby DENIED with prejudice. The court also notes that Petitioner has lodged what he terms a "Motion to Enforce Plea Agreement." The court finds there is no basis for the grant of such motion and it will be disregarded. The Clerk of Court shall CLOSE THE CASE.

IT IS SO ORDERED.

Dated:   April 11, 2014                              _____
                                                      SENIOR  DISTRICT  JUDGE