# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff** v. VINCENT GEORGE PARKS, **Defendant** | CASE NO. 1:82-CR-0123 AWI <br><br> ORDER ON DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR AND MOTION FOR TRANSCRIPTS <br><br> (Doc. Nos. 30, 32) |

Currently pending before the Court is Defendant Vincent Parks's motion to correct a clerical error under Federal Rule of Criminal Procedure 36 and motion for transcripts.

*Procedural Background*

On March 1, 1983, Defendant pled guilty to bank robbery under 18 U.S.C. § 2113. He was sentenced the same day to 12 years in custody. See Doc. No. 1 ("Hard Docket"). Following his conviction, Defendant filed a 28 U.S.C. § 2255 petition in April 1985. See id. In June 1986, that petition was denied. See id.

Defendant pursued a petition for a writ of coram nobis between November 2006 and March 2013.[1] See id.; Doc. No. 9. That petition was denied by this Court on April 14, 2014. See Doc. No. 14. As part of the coram nobis petition, Defendant contended that he made a verbal plea agreement to plead to a charge of unarmed bank robbery and that the agreement was breached when he actually pled to the indictment, which alleged armed bank robbery. See id. This Court found that the coram nobis petition was an improper attempt to avoid time limits and the successive § 2255 bar imposed. See id. The Court found that Defendant did not provide an

---
[1] The Court noted that the Hard Docket noted that coram nobis petition was filed in November 2006, but that the current docket did not contain the petition. See Doc. No. 14. The Court assumed that the effective filing date for any coram nobis petition was November 2006. See id.

adequate reason for waiting over 20 years from the time of conviction to the time of filing the coram nobis petition. See id.  Defendant had no shortage of opportunities to clarify any misunderstanding as to the crime he that he had pled guilty to, including the § 2255 habeas petition that was filed in 1985.  See id.

On September 2, 2015, the Ninth Circuit affirmed this Court's denial of Defendant's coram nobis petition.  See Doc. No. 24.  The Ninth Circuit held that Defendant had failed to give a valid reason for not attacking his conviction sooner.  See id.

On February 21, 2019, Defendant filed this motion to correct a clerical error.

On September 16, 2019, Defendant filed a motion for transcripts.

*Defendant's Motions*

With respect to the motion to correct clerical error, Defendant argues that he pled guilty to one count of bank robbery by note (18 U.S.C. § 2113(a)), but that the Clerk erred by adding subsection (d) to the judgment, making the conviction for armed bank robbery.  See Doc. No. 30. The failure of the Court to specify in its oral pronouncement that Defendant was armed with a note and not a firearm has allowed this clerical error to exist in the record.  See id.  Defendant requests that the Court correct the judgment *nunc pro tunc* and order the government to produce a copy of the plea agreement in order to show that a clerical error has occurred.  See id.

With respect to the request for transcripts, Defendant states that he seeks only Page 10 of his sentencing transcript in order to support his efforts correct the judgment.  See Doc. No. 32.

*Legal Standard*

Federal Rule of Criminal Procedure 36 reads:  "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  "Rule 36 is a narrow provision limited to correction of errors of no more than clerical significance." United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984).  That is, "Rule 36 applies to clerical errors only."  Id. at 491 (quoting United States v. Marchese, 341 F.2d 782, 788 (9th Cir. 1965)).  If an alleged error is not actually an error or did not result from a clerical error, a court has no authority under Rule 36 to correct that error.  United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003).

2

| | |
|---|---|
| 1 | *Discussion* |
| 2 | After review, for at least two reasons the Court cannot conclude that any relief is |
| 3 | appropriate under Rule 36. |
| 4 | First, this is not the first time that Defendant has attempted to raise an issue regarding the |
| 5 | offense to which he pled guilty. As noted above, he raised the issue in connection with his |
| 6 | petition for writ of coram nobis. The Court denied the writ and noted the time limitations that |
| 7 | barred the petition. The Ninth Circuit affirmed that denial. The nature of this motion to correct |
| 8 | appears to be another attempt to avoid statute of limitations and timeliness bars, as well as the |
| 9 | prohibition against successive § 2255 petitions.[2] |
| 10 | Second, there is nothing that supports Defendant's contention that there is a clerical error. |
| 11 | The Court has reviewed the archived paper file in Defendant's case. The indictment in this case is |
| 12 | for armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). The indictment indicates that the |
| 13 | Defendant was armed with a handgun. Instruction No. 2 of the government's proposed jury |
| 14 | instructions, "Offense Charged," states that Defendant is charged with a violation of 18 U.S.C. § |
| 15 | 2113(a), (d) and that Defendant used a handgun. Further, the written judgment indicates that |
| 16 | Defendant plead guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). |
| 17 | Importantly, the transcript of the March 1, 1983 change of plea and sentencing hearing |
| 18 | reflects that potential jurors were asked to step out of the courtroom because Defendant desired to |
| 19 | change his plea of "not guilty" to "guilty." Defendant's counsel indicated that there had been |
| 20 | discussions about the case with the U.S. Attorney, and that the parties agreed for a 12 year |
| 21 | sentence to be served concurrently with a state conviction and that Defendant would be eligible for |
| 22 | parole. The U.S. Attorney confirmed the accuracy of defense counsel's representations. The |
| 23 | Court then said, "Mr. Parks, the court is wished to – is informed that you wish to withdraw your |
| 24 | former plea of not guilty and enter a pela of guilt to the single count indictment presently pending |

---

[2] "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2255(h) reads: "A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

3

against you; is that correct?" Defendant replied, "Yes, I do, Your Honor." After putting Defendant under oath, the Court determined Defendant's competency and informed Defendant of various rights that he would be waiving by entering a guilty plea. The Court then asked Defendant, "On or about May 7th, 1982 in this city, Fresno, and in this court district and this state, did you, while armed, take from the employees of the Wells Fargo Bank at 1048 "E" Street, Fresno, California, the sum of approximately $3,108?" Defendant responded, "Yes, I did." The Court found that there was a factual basis for the plea and that the Defendant had knowingly and intelligently waived his Constitutional rights. The Clerk then asked Defendant, "Vincent George Parks, how do you now plead to the charge of the indictment, guilty or not guilty." Defendant responded, "Guilty." The U.S. Attorney and Defendant waived the preparation of a pre-sentence report. The Court then immediately sentenced Defendant to a term of 12 years imprisonment, with parole eligibility to be determined under 18 U.S.C. § 4205(a). The Court stated that the "sentence imposed in this current federal offense shall run concurrently with time presently being served in the state prison system of the state of California."

From the record, there is absolutely no basis or grounds to find that the addition of the subsection (d) to the judgment was a clerical error. The only offense that Defendant was ever charged with in Case No. 1:82-CR-0123 AWI was armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Moreover, the transcript clearly shows that Defendant affirmatively told the Court that he wished to plead guilty "to the single count in the indictment." When asked how he pled to the charge in the indictment, Defendant responded "guilty." And critically, Defendant expressly admitted to being armed and taking the money. When asked by the Court if he took the money *while armed* from employees of Wells Fargo bank, he responded "Yes, I did." Therefore, the Court concludes that there was no clerical error and that the judgment accurately reflects the crime to which Defendant pled guilty, to which he was found guilty, and to which he was sentenced to 12 years imprisonment – 18 U.S.C. § 2213(a), (d) armed bank robbery. Because there is no clerical error, no relief under Criminal Rule 36 is authorized. Penna, 319 F.3d at 513.

In sum, because the motion appears to be an attempt to evade procedural limitations, and because there is no clerical error, Defendant's Rule 36 motion will be denied.

4

With respect to Plaintiff's request for a copy of Page 10 of the transcript of his sentencing, there is a transcript in the record for proceedings on March 1, 1983. The transcript is a combined change of plea and sentencing transcript. As discussed above, the Court has relied on the transcript in resolving the motion to correct. Because the transcript is part of an archived paper file, the Court will order the Clerk to file a copy of the transcript of the March 1, 1983 proceedings and order the Clerk to send a copy to Defendant. With this process, Defendant's request for Page 10 will be denied as moot.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 36 motion to correct clerical error (Doc. No. 30) is DENIED;
2. Defendant's motion for transcripts (Doc. No. 32) is DENIED as moot;
3. The Clerk shall file copies of the transcript of March 1, 1983, as found in the archived paper record and send copies of that filed record, along with this order, to Defendant.

IT IS SO ORDERED.

Dated:   September 30, 2019                      _____
                                                  SENIOR DISTRICT JUDGE