UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br>v.<br>VINCENT GEORGE PARKS,<br>**Defendant** | CASE NO. 1:82-CR-0123 AWI<br><br>ORDER ON DEFENDANT'S PETITION FOR A WRIT OF *CORAM NOBIS*<br><br>(Doc. No. 45) |

Currently pending before the Court is Defendant Vincent Parks's second application for a writ of *coram* nobis in which he seeks to invalidate a 1983 conviction for armed bank robbery (18 U.S.C. § 2113(d)).

*Procedural Background*

On March 1, 1983, Defendant pled guilty to armed bank robbery under 18 U.S.C. § 2113. He was sentenced the same day to 12 years in custody. See Doc. No. 1 ("Hard Docket"). Following his conviction, Defendant filed a 28 U.S.C. § 2255 petition in April 1985. See id. In June 1986, that petition was denied. See id. In June 2012, the Ninth Circuit denied Defendant's request to file a successive § 2255 petition.

Defendant pursued a petition for a writ of coram nobis between November 2006 and March 2013.[1] See id.; Doc. No. 9. That petition was denied by this Court on April 14, 2014. See Doc. No. 14. As part of the coram nobis petition, Defendant contended that he made a verbal plea agreement to plead to a charge of unarmed bank robbery and that the agreement was breached when he actually pled to the indictment, which alleged armed bank robbery. See id. This Court

---

[1] The Court noted that the Hard Docket noted that coram nobis petition was filed in November 2006, but that the current docket did not contain the petition. See Doc. No. 14. The Court assumed that the effective filing date for any coram nobis petition was November 2006. See id.

1  found that the coram nobis petition was an improper attempt to avoid time limits and the

2  successive § 2255 bar imposed and that Defendant did not provide an adequate reason for waiting

3  over 20 years from the time of conviction to the time of filing the coram nobis petition.  <u>See</u> <u>id.</u>

4  On September 2, 2015, the Ninth Circuit affirmed this Court's denial of Defendant's coram nobis

5  petition.  <u>See</u> Doc. No. 24.  The Ninth Circuit held that Defendant had failed to give a valid reason

6  for not attacking his conviction sooner.  <u>See id.</u>

7        On February 21, 2019, Defendant filed a motion to correct a clerical error.  <u>See</u> Doc. No.

8  30.  Defendant argued that he pled guilty to one count of bank robbery by note (18 U.S.C. §

9  2113(a)), but that the Clerk erred by adding subsection (d) to the judgment, making the conviction

10 for armed bank robbery.  <u>See id.</u>  Defendant requested that the Court correct the judgment *nunc*

11 *pro tunc* and order the government to produce a copy of the plea agreement in order to show that a

12 clerical error has occurred.  <u>See id.</u>  The Court denied the motion to correct clerical error, and the

13 Ninth Circuit affirmed the denial.  <u>See</u> Doc. Nos. 34, 42.

14     *<u>Defendant's Argument</u>*

15       Defendant argues that with the denial of his § 2255 petition and the Ninth Circuit's refusal

16 to permit a second or successive petition, he has no avenue for relief except through *coram nobis*.

17 Defendant argues that he has two grounds for relief.  First, Defendant argues that his counsel

18 colluded against him and tricked him into agreeing to the 12 year plea agreement to the crime of

19 armed bank robbery.  Defendant had previously refused this plea offer because he did not use a

20 gun in the bank robbery.  Second, Defendant argues that the United States inserted 18 U.S.C. §

21 2113(d) (armed bank robbery) into indictments as a practice and custom in all bank robbery cases,

22 even when no weapon was used.  This practice has led Defendant to have a life sentence, even

23 though he did not use a gun for the robbery at issue.

24     *<u>Legal Standard</u>*

25       "*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental

26 character."  <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir. 2002).  "To warrant *coram*

27 *nobis* relief, the petitioner must establish that:  (1) a more usual remedy is not available; (2) valid

28 reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the

conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007); United States v. Monreal, 301 F.3d 1127, 1132 (9th Cir. 2002).  Additionally, *coram nobis* relief is available only where a petitioner has exercised due diligence in bringing his concerns promptly to the attention of the courts.  Riedl, 496 F.3d at 1007.  A writ of error *coram nobis* may be denied without a hearing if the petition's allegations fail to show an adequate basis for issuance of the writ.  See Maghe v. United States, 710 F.2d 503, 503-04 (9th Cir. 1983).

*Discussion*

After review, the Court concludes that relief through *coram nobis* is improper.  First, this petition appears to be an improper attempt to raise a successive § 2255 petition since Petitioner is attempting to invalidate a 39 year old conviction that he previously challenged through a § 2255 petition.  Cf. Washington, 653 F.3d at 1059-60.  Second, the petition does not demonstrate diligence regarding the bases for relief or a valid reason for only now raising the current bases for relief at this time.  See Riedl, 496 F.3d at 1006-07.  For at least these reasons, the Court cannot issue the writ of coram nobis.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's application for a writ of *coram nobis* (Doc. No. 45) is DENIED.

IT IS SO ORDERED.

Dated:   January 11, 2023                              _____
                                                                          SENIOR DISTRICT JUDGE